

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 Church Street<br>NEW YORK, NY 10007 | SUZANNE FUNES<br>Phone: (212) 356-2386<br>Fax: (212) 356-1148<br>Email: sfunes@law.nyc.gov<br>*Senior Counsel* |

March 30, 2020

**VIA ECF**
Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

# MEMORANDUM ENDORSEMENT

      Re: <u>Lexy Avila v. Stacy Tenzie, NYC Correctional Officer, Shield No. 1478</u>,
         19-CV-11920 (VEC) (GWG)

Your Honor:

      I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of New York, and counsel[1] for interested party, City of New York ("City"). The City writes to respectfully request a ninety (90) day stay of this matter from today, March 30, 2020 to June 29, 2020 because of the ongoing public health crisis. This application also seeks an extension of time, *sua sponte*, for defendant Officer Stacy Tenzie ("Officer Tenzie") to answer or otherwise move the complaint from May 4, 2020 to June 29, 2020 as this office has not had an opportunity to resolve representation on her behalf. This is the City's first request for a stay of litigation in this matter. The City has not secured Plaintiff's consent for this application as she is currently incarcerated and we have been unable to meet and confer for the reasons set forth below.

      By way of background, on December 30, 2019, Plaintiff *Pro se* filed her complaint. *See* Docket Entry No. 2. In a Court order dated February 5, 2020, the Court requested that Correction Officer Stacy Tenzie ("Officer Tenzie") waive service. *See* Docket Entry Number 8. On March 4, 2020, Department of Correction waived service on behalf of Officer Tenzie. *See* Docket Entry Number 12. Officer Tenzie's Answer is presently due on May 4, 2020. *Id.*

---

[1] This case is assigned to Assistant Corporation Counsel Joshua Kaufman, who is currently awaiting admission to the Southern District of New York , and is handling this matter under my supervision. Mr. Kaufman can be reached directly at 212-356-3521 or by email at: <u>jokaufma@law.nyc.gov.</u>

At this juncture, interested party City requests a ninety (90) day stay of this action, including an extension, *sua sponte,* to answer or otherwise move from May 4, 2020 until June 29, 2020 because of the ongoing health crisis. On March 13, 2020, Mayor Bill de Blasio declared New York City to be in a state of emergency. In light of pronouncements from government and judicial officials, associated policies, expert recommendations, and the further spread of COVID-19, the New York City Law Department, along with the majority of employers in New York City and State, has advised that individuals are required to work from home as much as is practicable to ensure compliance with public policy directives, and to protect individuals from further community spread of the virus.

Additionally, pursuant to section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the defendant Officer Tenzie. Officer Tenzie must then decide whether she wishes to be represented by this office. If so, we must obtain each of their written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. City of New York, 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Moreover, as Plaintiff *Pro Se* alleges, *inter alia*, deliberate indifference to safety and failure to protect while housed at the Rose M. Singer Center, located on Rikers Island [Docket Entry No. 2], interested party City will need a duly executed HIPAA release for Plaintiff *Pro Se*'s medical records in order to properly assess this case and respond to the complaint. Furthermore, once a duly executed release is received, the undersigned cannot take the necessary steps of seeking the production of Department of Correction documents related to Plaintiff's incarceration, primarily because the individuals tasked with producing essential litigation documents from the New York City Law Department and the New York City Department of Correction are also working remotely with limited access to the resources necessary to request and produce relevant documents relevant as a result of the virus Citywide. Therefore, in order to respond to the complaint and to investigate the allegations of the complaint, obtaining necessary documents is currently not practical.

Accordingly, the undersigned respectfully requests that the Court grant interested party City's application for a ninety (90) day stay of litigation from March 30 to June 29, 2020 and to extend the time, *sua sponte,* for Officer Tenzie's time to answer or otherwise move from May 4, 2020 to June 29, 2020.

Thank you for your consideration herein.

Respectfully submitted,

*Suzanne Funes*
Suzanne Funes
*Senior Counsel*

The application for a stay is denied. The time for defendant to respond to the complaint is adjourned to June 29, 2020. Defendant shall mail a copy of this Order to plaintiff and file proof of service of such mailing forthwith.
So Ordered.
April 3, 2020

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

**BY FIRST CLASS MAIL**

To:    Lexy Avila NYSID 08490991M
*Plaintiff Pro Se*
Rose M. Singer Center
19-19 Hazen Street
East Elmhurst, NY 11370