

**MEMORANDUM ENDORSEMENT**

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 Church Street
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**JOSHUA KAUFMAN**
Phone: (212) 356-3521
Fax: (212) 356-1148
Email: jokaufma@law.nyc.gov
*Assistant Corporation Counsel*

June 23, 2020

**VIA ECF**
Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

>       Re: Lexy Avila  v. Stacy Tenzie, NYC Correctional Officer, Shield No. 1478,
>            19-CV-11920 (VEC) (GWG)

Your Honor:

I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of New York, and counsel for Correction Officer Stacy Tenzie ("defendant"). The purpose of this letter is threefold: first, defendant writes in response to incarcerated *pro se* plaintiff's letter application dated June 11, 2020 (the "June 11 Letter")[1]. Second, (2) defendant writes to request a sixty (60) day stay of this matter from June 23, 2020, to August 21, 2020, to allow Plaintiff time to receive the sworn affidavit from another inmate, amend the complaint, as well as give Plaintiff the necessary time to retain counsel to represent her in this matter. Third, defendant further respectfully requests a corresponding sixty (60) day enlargement of time from June 29, 2020 to August 29, 2020 to Answer or otherwise respond to Plaintiff's initial complaint or an amended complaint. This is defendant's second request for a stay of this matter. *See* Docket Entry No. 13. We have been unable to obtain Plaintiff's consent to this request as she is currently incarcerated and we have been unable to meet and confer.

More specifically, in the June 11 Letter, Plaintiff seeks to re-apply for an "order of separation" and an "order of no contact" from Correction Officer Stacy Tenzie predicated on derogatory statements Officer Tenzie allegedly made to Plaintiff on March 29, 2020 in response to this underlying lawsuit[2]. *See* Docket Entry No. 23. In the June 11 Letter, Plaintiff further

---

[1] The Court received the letter on June 11, 2020 and the letter was uploaded to ECF on that same day.

[2] Defendant denies Plaintiff's  allegations concerning the derogatory statements allegedly made by Officer Tenzie on March 29, 2020. *See*  Docket Entry No. 19.

stated that Plaintiff is awaiting a sworn affidavit from another inmate who allegedly witnessed defendant make those derogatory remarks and that Plaintiff has been in contact with an attorney in the "Transgender Case Center" and that Plaintiff is "certain that she [attorney] will be taking this case to represent me." *Id.* In light of Plaintiff's aforementioned letter, and in conjunction with a another letter dated May 29, 2020, whereby Plaintiff requested that the Pro Se Intake Unit mail Plaintiff the initial complaint so that Plaintiff could "file a supplemental complaint," defendant respectfully requests that the Court grant a stay in this case for sixty (60) days from June 23, 2002 to August 21, 2020, so that plaintiff can attempt to secure counsel and amend her complaint should she seek to do so. Defendant further respectfully requests a corresponding sixty (60) day enlargement of time from June 29, 2020 to August 29, 2020 to Answer or otherwise respond to Plaintiff's initial complaint or an amended complaint.

Thank you for your consideration herein.

Respectfully submitted,

*Joshua Kaufman*

Joshua Kaufman
Assistant Corporation Counsel

**BY FIRST CLASS MAIL**

To:   Lexy Avila NYSID 08490991M
      *Plaintiff Pro Se*
      Rose M. Singer Center
      19-19 Hazen Street
      East Elmhurst, NY 11370

In light of plaintiff's stated intention to amend her complaint, the Court will grant this request in part. The application for a stay is denied as unnecessary.

In a letter dated May 29, 2020, plaintiff stated that she wishes to "supplement" her complaint. (Docket # 22). The Court warns plaintiff that any amended complaint she submits for filing will completely replace the original complaint. Thus, if she chooses to file an amended complaint, she must include all her allegations or claims in that amended complaint. The deadline for plaintiff to file any amended complaint is July 24, 2020. The defendant's time to respond to any amended complaint (or the original complaint if plaintiff does not file an amended complaint) is extended to August 21, 2020.

The Court is also aware that plaintiff has sought an "order of separation." (Docket # 17). Putting aside the question of whether the Court has the power to issue such an order, the allegations by plaintiff would not warrant its issuance. The Court further notes that it is illegal to retaliate against plaintiff for exercising her First Amendment rights.

The Clerk is requested to mail a copy of this Order to plaintiff.

So ordered.
Dated: June 24, 2020

GABRIEL W. GORENSTEIN
United States Magistrate Judge