Case 1:19-cv-11920-VEC-GWG   Document 50   Filed 08/07/21   Page 1 of 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/7/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                           :
LEXY AVILA,                                           :
                               Plaintiff,                 :
                                                             :                     19-CV-11920 (VEC)
               -against-                 :
                                                              :                          ORDER
                                                              :
STACY TENZIE, NYC CORRECTIONAL,      :
OFFICER SHIELD NO. 1478,                     :
                                         Defendant.    :
                                                              :
------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on December 30, 2019, Plaintiff Lexy Avila, proceeding *pro se*, filed a complaint against Stacy Tenzie, a corrections officer at Rikers Island, Dkt. 2;

       WHEREAS on February 5, 2020, the Court referred this matter to Magistrate Judge Gorenstein for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 7; 28 U.S.C. § 636(b);

       WHEREAS on July 16, 2020, Avila filed an amended complaint, Dkt. 28;

       WHEREAS on August 21, 2020, Tenzie filed a motion to dismiss the amended complaint for failure to state a claim pursuant to Rule 12(b)(6), Dkt. 30;

       WHEREAS Avila never responded in opposition to the motion, despite repeated extensions of the deadline, including several made *sua sponte* by the Magistrate Judge, Dkts. 35, 38, 41, 45;

       WHEREAS on July 9, 2021, Judge Gorenstein entered an R&R, recommending that the Court grant Tenzie's motion to dismiss, Dkt. 49;

WHEREAS in the R&R, Judge Gorenstein notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, Dkt. 49 at 17;

WHEREAS Judge Gorenstein further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.* at 18;

WHEREAS on July 9, 2021, the R&R was emailed to Defense counsel via ECF and mailed to Avila at the address listed on the docket, *id.*;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full, Defendants' motion to dismiss is granted, and this case is DISMISSED. Judge Gorenstein applied the correct legal standard. He rightly recognized that as a *pro se* party, Avila's filings should be construed liberally to raise the strongest arguments that they suggest. R&R, Dkt. 49 at 6 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)); *see also*

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (collecting cases finding that *pro se* parties must be accorded a "special solicitude"). Applying this standard, Judge Gorenstein was correct to construe Avila's claims that Tenzie verbally harassed and threatened her because she is transgender as ones brought pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights under the Eighth, Fourteenth, and First Amendments. R&R at 7. Additionally, Judge Gorenstein applied the correct standard for a motion to dismiss; he accepted the factual allegations in the complaint as true and determined whether the complaint contained sufficient factual allegations to state a claim for relief that is plausible on its face. R&R at 5–6 (citing Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

Avila did not indicate whether she is a pre-trial detainee or a convicted prisoner. *See generally* Am. Compl., Dkt. 28. Judge Gorenstein was correct to consider both the Fourteenth Amendment due process standard (which applies to pre-trial detainees) and the Eighth Amendment cruel and unusual punishment standard (which applies to convicted prisoners). R&R at 8. To violate either standard, the alleged treatment must be "sufficiently serious." *Id.* (citing *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (Eighth Amendment); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (Fourteenth Amendment)). Judge Gorenstein carefully compared Avila's allegations about Tenzie's conduct to other cases in which the alleged treatment was found to be sufficiently serious to make out a claim. *See* R&R at 9–11 (comparing Avila's allegations to seven other cases). The Court concurs with Judge Gorenstein that the alleged verbal harassment — especially given the absence of allegations regarding any physical contact — was not sufficiently serious to constitute a violation of either the Fourteenth or Eighth Amendments.

The Court further agrees with Judge Gorenstein that even if Avila's claims are construed as alleging a failure to protect under either the Eighth or Fourteenth Amendments, she has failed

3

to state a claim.  To make out such a claim under either Amendment, Avila would have had to allege adequately that she was at "a substantial risk of serious harm." *Id.* at 11 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (Eighth Amendment); *Taylor v. City of New York*, No. 16-CV-7857, 2018 WL 1737626, at *11–12 (S.D.N.Y. Mar. 27, 2018) (Fourteenth Amendment)). Liberally construed, Avila appears to claim that as a result of Tenzie's verbal harassment, a group of inmates "confronted" her to inquire about whether she had sexual contact with another inmate.  R&R at 12 (citing Am. Compl. ¶ 12).  But Avila did not allege that such conduct — or any other conduct — posed a substantial risk to her safety.  Accordingly, the Court agrees with Judge Gorenstein that her failure to protect claims do not rise to the level of an Eighth or Fourteenth Amendment violation.

       The Court further finds no clear error in Judge Gorenstein's conclusion that Avila has failed to state a claim that Tenzie violated the equal protection clause of the Fourteenth Amendment by improperly targeting Avila because she is transgender.  Avila made no factual allegations that tend to show that she was treated differently from other similarly situated persons because she is transgender.  *Id.* at 12–13.  With no baseline from which to compare Tenzie's alleged treatment of Avila, the Court has no way to determine whether Tenzie's alleged treatment of her was the result of impermissible considerations or whether it had a rational basis, including being based on legitimate penological interests.  *Id.*  Moreover, Judge Gorenstein was correct to conclude that verbal harassment — on its own and without more — does not violate the equal protection clause of the Fourteenth Amendment. *See id.* at 13–15 (citing about a dozen cases holding that the use of slurs and other forms of verbal harassment, although deplorable, do not rise to the level of a constitutional violation).

       With respect to Avila's claim that Tenzie allegedly retaliated against her for filing this action, Judge Gorenstein was correct to construe this allegation as a violation of Avila's right to

be free from retaliation under the First Amendment. *Id.* at 15. But to make out a retaliation claim, Avila would have had to allege adequately that Tenzie took adverse action against her, and "[t]he less direct and specific a threat," the less likely it is to constitute an adverse action because it is less likely to deter an inmate from exercising First Amendment rights. *Id.* at 16 (citing *Mateo v. Fischer*, 682 F. Supp. 2d 423, 434 (S.D.N.Y. 2010)). Avila alleges that Tenzie told another inmate that she knew people "in the street with guns" who would "handle" her. Am. Compl. ¶ 11. Because the statement was not communicated directly to Avila and because it was not specific as to who would carry out the harm, what the harm would look like, and when it would be carried out, the Court finds no clear error in Judge Gorenstein's finding that it does not qualify as an adverse action. Accordingly, Judge Gorenstein was correct to conclude that Avila has not stated a First Amendment retaliation claim.

In short, even when construing Avila's claims liberally, it is clear that she has not stated a claim that entitles her to relief. The Court therefore adopts the R&R in full, grants Defendant's motion to dismiss, and dismisses this case.

Because the R&R gave the parties adequate warning, *see* R&R at 18, Plaintiff's failure to file any objections to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to terminate all open motions and to close this case. The Clerk is further directed to mail this Order to Ms. Avila and to note the mailing on the docket.

**SO ORDERED.**

Date: August 7, 2021
New York, NY

                                          **VALERIE CAPRONI**
                                          United States District Judge